**SMITH v PRIVETTE & STATE**

Ohio Appeals, 2nd Dist, Franklin Co

No 2204.   Decided Nov 9, 1932

Brown, Fridley and Buffington for Uda May Smith.

John Seidel, Columbus, and H. H. Metcalf, Columbus, for Hazel Wagner.

BY THE COURT

Many interesting questions are urged, well presented and well briefed by counsel. We believe, however, that this case may be determined upon one proposition.

It is doubtful if the affidavit alleging that Katherine Privette is a dependent minor states facts which, if true, constitute a charge of dependency against the minor.

It would seem unnecessary to state that the fact that a child is an illegitimate child would not constitute a dependent child under the statute. No such ground appears and it would be the height of inhumanity to read such a provision into our law. It is true that the statute, §1647, GC, provides that it shall be sufficient in an affidavit to set out that a child is a dependent or delinquent child. But where the affiant elects to set out the particular wherein it is claimed that the child is dependent, and it

is entirely insufficient to constitute dependency, we question if the court is given jurisdiction. In the affidavit under consideration it is set out that the child is a dependent because she has not proper parental care in this, to-wit, the mother, Hazel Wagner, is unable to give the child proper parental care, she being an illegitimate child.

One of the meanings of a "dependent child" under §1645, GC, is any child under eighteen years of age "who has not proper parental care or guardianship," and "proper parental" care is defined by §1646, GC, but·such definition does not expressly or by inference include within the term "proper parental care" that which is set out in the affidavit.

But, if the court should be in error as to the jurisdiction of the Juvenile Court because of the fact that the statute permits of a finding of dependency upon the mere charge that the child is a dependent child, we examine the entry which makes determination upon that charge.

Without respect to anything that may have been before the Juvenile Court upon the hearing on the charge of dependency against the minor, the rights of the parties are concluded by the journal through which the court speaks. We would have an entirely different question, if on this record there appeared any place a determination by the court that proof had been made of any of the jurisdictional causes of dependency as set out in §1645, GC.

It will be observed that in the entry of February 28, 1931, in which Katherine Privette was made a ward of the court, no finding is made, either that she is a dependent child or a determination that she comes under the provision of any of the grounds of dependency as defined in the statute. Without this essential she could not be made a ward of the court, nor was there any basis for the adoption proceedings. As there was no determination of her dependency the question could be raised, directly or collaterally at any time that the question was germane to a judicial determination.

The Juvenile Court, having determined that the action theretofore taken respecting the dependency of Katherine Privette was not grounded upon safe· procedure, took the proper course in sustaining the motion to dismiss.

It is unnecessary to consider the question whether or not the court relinquished 'jurisdiction of the child by awarding her to Doctor and Mrs. Smith for adoption as this would arise only if the Juvenile Court had made proper determination of the dependency.

Although it appears that there has been much unnecessary procedure affecting the minor in this cause we believe that the action which our judgment requires to be taken will put the ultimate question for determination upon the proper basis. If Katherine Privette is a dependent child under the statute it can be properly set out in an affidavit and the Juvenile Court has full jurisdiction upon the evidence to so determine and upon such determination to award the child to any suitable person, and we have no doubt that Mrs. Smith is such an individual. On the other hand, if Katherine Privette is not a dependent child it is not contemplated at law that the Juvenile Court should have any custodial right whatever over her, and if her mother at this time is in position to attend to the duties and obligations incumbent upon her, it is entirely fitting and proper that she should have that opportunity and privilege. The best interests of this child can be determined, unobstructed by any of the technicalities which have arisen in the prosecution of this case. The judgment of the trial court will be affirmed.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.