**HAYES, In Re**

Ohio Appeals, 2nd Dist, Franklin Co

No 2932. Decided Oct 25, 1938

Ralph J. Bartlett, Prosecuting Attorney, Columbus, Edmund B. Paxton, Asst. Pros. Atty., Columbus, for appellee.
L. P. Henderson, Columbus, for appellant.

## OPINION

### By GEIGER, J.

This cause is in this court on appeal from a judgment and finding of the Court of Common Pleas, Division of Domestic Relations. The assignment of errors is to the effect that the Court of Domestic Relations erred in admitting and excluding certain testimony to the prejudice of the appellant and in overruling the motion of the appellant to vacate, dissolve and hold for naught the former order of the court on March 10, 1936, and in refusing to deliver through the appellant the custody of his minor child.

This matter was before this court on a former date on appeal on questions of law, which appeal was dismissed for the reason that there was no bill of exceptions to enable the court to review the evidence and the cause was remanded for execution of the judgment. Since that time there has been a rehearing upon the motion of Jesse B. Hayes and testimony adduced on such hearing is embodied in the bill of exceptions which is now before this court on a new appeal on questions of law.

The motion made by Jesse B. Hayes was to the effect that the court vacate its former order of March 20, 1936, decreeing Mary Lou Hayes, a minor then seven years of age, to be a ward of the court and granting temporary custody of said minor child to Geneva O'Brien. The applicant further moved for an order restoring to him the custody of the child for the reasons set out in said motion, among which are that he is the father of Mary Lou Hayes and has been unlawfully deprived of her custody; that the proceeding on which the order was granted was not according to law in that the affidavit upon which the action was taken is insufficient to charge that the child was dependent or to charge the father was neglecting her.

A further ground is that Jesse B. Hayes has at all times maintained, and still does, a good and sufficient home for the child and that he is capable of caring for said child.

This matter came on for hearing and the court found the motion not well taken and overruled the same and affirmed the former order of the court and further the child is permanently made a ward of the court and the custody is awarded to Geneva O'Brien.

The entry of May 10, 1938, is simply to the effect that the motion to modify the judgment and for change of custody is overruled. The entry of March 20, 1936, which is sought to be vacated, provided that the child, Mary Lou Hayes, be made the ward of the court and it is ordered that the custody of the child be given to Geneva O'Brien until further order of the court. This order was made upon an affidavit by a juvenile officer, alleging that the minor appears to be a dependent child, not the inmate of a state institution, and alleges that the name of the person having custody or control of said minor is Jesse B. Hayes, the **father.**

The first complaint to which we direct our attention is that the affidavit upon which Hayes was deprived of the custody of the child was insufficient. The essential allegations are "that said minor appears to be a dependent child." Ordinarily such an affidavit would not be sufficient in that it does not state any of the reasons enumerated in the statute §1645 GC defining a dependent child. However, §1647, GC, provides. "* * * And for that purpose such complaint shall be sufficiently definite by using the word 'delinquent' or 'dependent' as the facts may be." If the affiant had elected to shut out the particulars wherein it was claimed that the child was dependent, the jurisdiction of the court would depend upon such particulars and if they are insufficient the court does not acquire jurisdiction. This section first appeared in part under §7, 99 O. L. 193, and was enacted substantially as it now appears in 103 O. L. 870. This amendment was passed in 1913. The purpose of this statute is not only to simplify the procedure but to permit the juvenile officers to draw a curtain of secrecy over the real cause of the child's delinquency, which might often result in a permanent blemish to her reputation. The case of **Edmunds v State of Ohio**, 30 Oh Ap 195, involves an affidavit in which there was an attempt made to detail the facts upon which the delinquency was based. The court says:

"It is apparent that a child may be guilty of an act of delinquency other than those enumerated in §1644, GC, but such an act would not be in violation of the statute. An affidavit states no charge under §1654 GC unless it charges some one or more acts of delinquency specified in §1644 GC. The affidavit is therefore fatally defective even after judgment."

This case was decided in 1928 after the passage of the section above referred to,

but the decision is based upon the insufficiency of the charge detailed in the affidavit. See also **In Re Konneker**, decided February 1, 1929, **30 Oh Ap 502; Peefer v State, 42 Oh Ap 276.**

We are, therefore, of the opinion, inasmuch as the complainant in this case did not attempt to detail the acts ▆▆▆▆▆▆▆▆ upon which she based the charge that the child was dependent but was content to follow the provisions of §1647, GC, that the affidavit was sufficient. We wish it to be understood that we are not in this case passing upon what may be required as to details where an adult is sought to be held guilty as a contributor either to the dependency or delinquency of a child. The statute §1639-23 GC appears to be confined to an affidavit in which the child alone is involved, but on this point we do not pass, as it is not necessary to the determination of this case. However, we must bear clearly in mind that even though the statute permits a simplified form of affidavit that the court is not justified in finding ▆▆▆▆▆▆▆▆ ing a child dependent unless the evidence brings it within the definition of §1645, GC. Not all the conditions that may surround child life and which appeal to the probation officers as against the welfare of the child justify the court in finding such a child to be dependent. The facts proved must bring the child within the terms of the statute and not within the conception of the juvenile officer as to what constitutes dependency. **Sonnenberg v State, 40 Oh Ap 475,** opinion by Judge Hornbeck.

WAS THE FINDING OF THE COURT OF MARCH 20, 1936, SUFFICIENT TO DEPRIVE THE COMPLAINANT OF THE CUSTODY OF THE CHILD?

The journal entry is short and is as follows:

"This day this cause came on for hearing, and the court being fully advised in the premises, and for good cause shown, the said child Mary Lou Hayes is hereby made a ward of this court.

"It is further ordered that the custody of said child be given to Geneva O'Brien, Route 4, London, Ohio, until the further order of this court."

There is no finding of the court that the child is dependent and until such finding is made and disclosed by an entry the court had no jurisdiction to make the child a ward of the court or to confer its custody upon a stranger, even though in the judgment of the court this was for the ultimate welfare of the child.

The case of **Smith v Privette, 13 Abs 291** seems determinative of the case at bar.

"A child can not be made a ward of a Juvenile Court in a dependency proceeding in the absence of a finding either that she is a dependent child or a determination that she comes under the provision of any of the grounds of dependency as defined in the statute."

"The existence of dependency can be raised directly or collaterally at any time where a child is made a ward of the court without a finding either that she is a dependent child or a determination that she comes under the provision of any of the grounds of dependency as defined in the statute."

The court in speaking of an entry in which the child was made a ward of the court, points out that no finding is made either that she is a dependent child or the determination that she comes under the provision of any of the grounds of dependency as defined in the statute.

"Without this essential she could not be made a ward of the court nor was there any basis for adoption proceedings. As there was no determination of her dependency the question could be raised directly or collaterally at any time the question was germane to judicial determination."

This is a case of this appellate district, opinion by the court, was written by Judge Hornbeck. We therefore arrive at the conclusion that there is no basis established, authorizing the court to make the child the ward of the court or to commit it to the custody of Mrs. O'Brien. In an entry of August 28, 1937, in which the entry of March 20, 1936, is drawn in question by a proper motion, the court found:

"Said motion not well taken and does not hereby overrule the same.

"It is therefore the judgment of the court that said motion be and the same is hereby overruled. The former order of this court is hereby affirmed and said Mary Lou Hayes is hereby permanently made a ward of this court and custody of said child is hereby awarded to Geneva O'Brien."

Even this entry does not find that the child was 'dependent' and even if it did it was based upon the defective entry of March 20, 1936, and could not give the order of the court then made any vitality. The whole proceeding from ▮▮▮▮▮ the order of the court making the child its ward was a nullity and every act taken by the court was without authority.

In passing the wish to call attention to the fact that all the sections of the juvenile statutes extant at the time of this proceeding have been repealed and recodified under what is now known as the Juvenile Court Code, effective August 19, 1937, and found under §§1639-1 to 1639-62 GC. Under the new codification what was formerly defined as a 'dependent' child under §1654, GC, now falls into two classifications, a 'neglected child' and a 'dependent child', as defined in §§1639-3 and 1639-4 GC. The present §1639-4 GC may be more comprehensive than the old section and yet the proof must be sufficient to establish the conditions named in the statute. §1639-23 GC preserves the essential features of the old §1647 GC as to the sufficiency of the affidavit. We suggest that there be no attempt made to patch up the defective proceedings that have already been had by entering a new order in which the child might be found to be dependent. If anything further is to be done we suggest that an entirely new proceeding be brought under the provisions of the present Juvenile Court Code. We suggest that if this matter should again come before the court, that consideration be given to §10503-15, GC, and to **Miller v Anderson, 43 Oh St 473 and Eichorn v Zedaker, 109 Oh St 609.**

We are fully aware that the Juvenile Court has been established and operates for the protection of children who are in any way being abused or injured, and that the machinery of that court is informal but effective, but we can not arrive at the conclusion that the court may determine the rights of parents except under statutory authority. The legal battles waged by adults over the possession of innocent children have constantly presented tragic situations and are to be deeply regretted and the court is of the belief that the sooner they terminate the better, provided such termination is established as the correct solution of the problem, as near as there may be a correct solution, where innocent lives are involved between warring factions.

This cause is reversed and the action of the court as shown by the entry of March 20, 1936, is declared to be null and void.

BARNES, PJ, and HORNBECK, J, concur.