### DUNCAN, a minor, In re.

Ohio Appeals, Second District, Preble County.

No. 126. Decided May 5, 1951.

174

Julian E. Clark, Eaton, for plaintiff-appellee.
Lloyd B. Bennett, Eaton, Mark T. Brown, Hamilton, for defendant-appellant.

## OPINION

By MILLER, J:

This is a law appeal from a judgment of the Juvenile Court for Preble County finding Judith Ann Duncan to be a dependent child. The complaint specified certain facts upon which the allegation of dependency was based and at the outset of the hearing counsel for appellant moved that the complaint be dismissed for the reason that the allegations, even if proved, would not constitute a dependency under §1639-4 GC. This motion was overruled by the trial court, citing §1639-23 CG, which makes the complaint sufficiently definite by the simple use of the word "dependent." We are in accord with the Court's ruling on this motion. The pertinent part of the complaint under consideration provides:

"Judith Ann Duncan, age three years, who appears to be a dependent child, in that she is an adopted child, having been adopted in January, 1949, by Marie Duncan, the natural maternal grandparent of said child; that on December 25, 1948, prior to the date said adoption became final, said Marie Duncan placed said child in the home of the undersigned and her husband; that since said date the said Marie Duncan has not contributed in any way to the support of said child; that the undersigned and her husband are no longer able to take care of said child * * *."

It will be noted that the affidavit charges that the adopting parent has failed to support the child for approximately eighteen months and that the child appears to be a dependent. Although §1639-4 GC requires the Court to find that the child's condition was due to no fault of the parent, guardian or custodian, the failure to make such an allegation does not deprive the Court of jurisdiction. The affidavit charges the child with being a dependent and whether the grounds set forth are sufficient requires further proof as to the fault

of the adopting parent. The facts set forth are not sufficient to establish a case of nondependency, and the facts in the case of **Smith v. Privette, 13 Abs 291,** are not applicable. In the cited case the Court held that even if the grounds set forth in the affidavit were proven, a dependency would not be established. Under §1639-23 GC the mere allegation of dependency is sufficient. **In re Anteau, 67 Oh Ap 117.**

The next question presented is whether the evidence was sufficient to sustain the judgment. The record reveals that Judith Ann Duncan was born on September 23, 1947, the illegitimate daughter of Elizabeth Ellen (Betty) Duncan. At that time Betty resided with her mother, Marie Duncan, where she has resided continuously up to the present time. On November 9, 1948, Marie Duncan filed her petition in Probate Court for the adoption of the child. Betty, the child's mother, executed a consent to the adoption on November 18, 1948, which consent was filed on December 9, 1948. The decree for adoption was journalized on January 8, 1949. On December 26, 1948, Judith Ann was taken by her adopting mother and other members of the family to the State of Washington and she was left there with Mr. and Mrs. Paul Duncan for adoption.

The record does not show that Marie Duncan failed to make adequate provision for the health and comfort of the child, but on the contrary she did this by leaving the child with Mr. and Mrs. Duncan in the State of Washington, who gave her a good home and the proper care and attention. Several years later, however, a disagreement arose between the Paul Duncans and Marie Duncan, as a result of which the child was returned to Preble County, not to the adopting parent, but was taken directly before the Juvenile Court where an affidavit was filed charging the child with being a dependent.

In order to determine the status of this child it becomes necessary to examine §1639-4 GC which defines a dependent child as any child:

"1. Who is homeless, destitute or without proper care or support, through no fault of its parents, guardian or custodian.

"2. Who lacks proper care or support by reason of the mental or physical condition of its parents, guardian or custodian.

"3. Whose condition or environment is such as to warrant the state, in the interests of the child, in assuming its guardianship."

Clearly, paragraphs 2 and 3 have no application to the facts presented. The child was not without proper care or

support as this had been provided by Marie Duncan through her arrangement with the Paul Duncans, who had given the child a good home. The child was not homeless or destitute for Marie Duncan was demanding its custody, able to give it a good home, and being the adopting parent was entitled to the same. There was no showing made that she was disqualified in any manner that would make her an unfit or unsuitable person. It is urged by the appellee that since the child was under two years of age at the time it was placed with the Paul Duncans for adoption that there was a violation of §1352-13 GC. This section provides:

"No child under two years of age shall be given into the temporary or permanent custody of any person, association or institution which is not certified by the division of charities, department of public welfare, as provided in §§1352-1 and 1352-6 GC, without the written consent of the division of charities or by a commitment of a juvenile court. Provided such child may be placed temporarily without such written consent or court commitment with persons related by blood or marriage, * * *."

This argument must fail for two reasons: First, the record is silent as to any certification by the Division of Charities, the burden of which was upon the State; second, even if there had been a violation this fact alone would not make the child a dependent under §1639-4 GC. If this child became homeless, destitute or without proper care or support it would have been due to the fault of the adopting parent, for as previously stated she was able and qualified to give the child a good home. The statute provides that before the provisions enumerated under **paragraph 1** of §1639-4 GC become applicable the parent must be **without fault** before it can be found to be a dependent child. The question of the jurisdiction of this Court to entertain the appeal has been raised by motion of the appellee, but we find no merit to this contention. See **In re Hook, 55 Abs 73**, affirmed in **149 Oh St 460**.

Finding the evidence to be insufficient to support the judgment, the same will be reversed and the case ordered dismissed.

HORNBECK, PJ, concurs.
WISEMAN, J, concurs in the judgment.