544 P.2d 248

**In the Matter of the APPEAL IN PIMA COUNTY, JUVENILE ACTION NO. J–46735.**

**No. 2 CA–CIV 1886.**

Court of Appeals of Arizona,
Division 2.

Jan. 16, 1976.

Review Denied Feb. 18, 1976.

Law Offices of Jack A. Ettinger, P.C., by Louis L. Deckter, Tucson, for appellant.

Dean C. Christoffel, Tucson, for Minor Children.

Bruce E. Babbitt, Atty. Gen., Phoenix, by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee Arizona Dept. of Economic Security.

## OPINION

KRUCKER, Judge.

The children involved in this appeal were adjudged dependent within the provisions of A.R.S. § 8–201, as amended, and their care, custody and control was placed with the Arizona Department of Economic Security, with physical custody being placed in their mother and a review of the situation scheduled in three months.

The appeal is based on three grounds: (1) that the evidence submitted did not satisfy the burden of proving the children were dependent within the meaning of A.R.S § 8–201(10); (2) that the juvenile court was without jurisdiction to proceed in the matter; and (3) that the mother's due process rights were violated.

The second point raised is the only one we need consider for it is dispositive.

The original petition filed in juvenile court stated in pertinent part:

"6. That the children are dependent children within the purview and provi-

sions of Arizona Revised Statutes, Sec. 8–201, as amended, in that said children:

> Have no natural parent willing and able to exercise proper and effective parental care and control and the minor children are in need of the services and protection of the Department of Economic Security."

Rule 15 of the Rules of the Juvenile Court provides:

> "(a) A petition on behalf of a neglected or dependent child shall be generally in the form and contain the information required by Rule 4, subsection (a), except that it shall contain a short statement setting forth the essential facts which show the neglect or dependency of the child. The petition shall be served in the manner provided in these rules for delinquency petitions."

Rule 4 of the Rules of the Juvenile Court provides:

> "(a) Initiation of court action shall be by a petition in writing, under oath, captioned: 'In the Matter of . . . . . . a person under the age of 18 years,' and may be upon information and belief. It shall set forth plainly:
>
> (1) the facts, in concise language with reasonable particularity as to the time, place and manner of the alleged acts of the child and the law or standard of conduct allegedly violated by such acts, which bring the child within the jurisdiction of the court."

The rules say that the petition shall contain facts which show the dependency of the child. In the petition presently before us, no facts are alleged. Rather, the statutory language itself is repeated, language which merely states conclusions of law. The general statement of the law in this regard is given in 47 Am.Jur. 2d Juvenile Courts § 41:

> "The 'initial pleading' must, of course, clearly indicate that the juvenile involved comes within the purview of the governing statutes. Thus, it has been

held that proceedings purportedly initiated by a petition which failed in this respect were void and that the child committed on such petition was entitled to be liberated. [Footnote omitted] Under some statutes and decisions, an allegation in general terms as to the delinquency, dependency, or neglect of the child is sufficient. [Footnote omitted] Under others, the facts showing the delinquency or dependency of the child must be set forth. [Footnote omitted]"

It is this initial pleading which, in the very language of the rules, invokes the jurisdiction of the juvenile court. No facts are alleged in the petition and therefore the requisites of the rule are not met. In cases with problems similar to ours and holding that general statements as to the dependency of the child were sufficient to invoke the jurisdiction of the juvenile court, the pleading always included a statement of fact either in regard to the child's behavior as in *In re Bentley,* 246 Wis. 69, 16 N.W.2d 390 (1944), in need of medical treatment as in *Mitchell v. Davis,* 205 S. W.2d 812 (Tex.Civ.App.1947); or in financial need as in *In re Duncan,* 62 Ohio L.Abs. 173, 107 N.E.2d 256 (1951). Nothing in this petition stated "the essential facts" which show why the children should be deemed to be dependent.

There is some language from our Supreme Court which might be construed to sanction the conclusory petition we have before us. In the case of *In the Matter of the Appeal in Maricopa County Juvenile Action No. J–75482,* 111 Ariz. 588, 536 P. 2d 197 (1975), the court stated:

> "The petition sought to have the children declared to be dependent children as defined in A.R.S. § 8–201(10). The basis alleged for seeking this status was that the children lacked proper and effective parental care and control." 111 Ariz. at 590, 536 P.2d at 199.

The language of the petition in that particular case is not quoted in the decision so we are at a loss to determine whether it

was identical to that which we have here. In addition, the two issues which the court states were presented for its consideration did not include the jurisdictional one based on the petition. As such, we think that language was not meant to be dispositive of the issue.

The fact that this issue was not raised prior to appeal is of no importance. Jurisdictional questions may be raised for the first time in this forum. *Ronan v. First National Bank of Arizona*, 90 Ariz. 341, 367 P.2d 950 (1962); *Gage v. Gage*, 11 Ariz.App. 76, 462 P.2d 93 (1969).

Since we find the language of the petition did not confer jurisdiction on the court to proceed, we reverse the decision below and dismiss the petition.

Reversed.

HOWARD, C. J., and HATHAWAY, J., concurring.