616 P.2d 49

**In re the Matter of PIMA COUNTY JUVENILE ACTION NOS. B–8272 AND J–65774, Petitioner,**

**v.**

**The Honorable Lillian S. FISHER, Presiding Judge of the Pima County Juvenile Court; Arizona Department of Economic Security; and Roberta Howard, Respondents.**

**No. H–799.**

Supreme Court of Arizona, In Division.

Aug. 22, 1980.

Ann M. Haralambie, Tucson, for petitioner.

Sammons & Sammons by Laurel B. Sammons, Tucson, for respondent Howard.

Robert K. Corbin, Atty. Gen., by John R. Evans, Asst. Atty. Gen., Phoenix, for respondent Arizona Dept. of Economic Security.

HOLOHAN, Vice Chief Justice.

Pearly Turner filed a petition for a Writ of Habeas Corpus in this court seeking to regain the custody of her two minor chil-

dren. Relief by habeas corpus is precluded because the petition did not conform to the requirements of the statute. See A.R.S. § 13–4122. This court accepted jurisdiction of the petition as a special action. We have on a number of occasions granted relief to petitioners by special action when it appears that they were entitled to relief even though the writ applied for or the motion made was not appropriately titled. *Brown v. State*, 117 Ariz. 476, 573 P.2d 876 (1978); *Goodman v. State*, 96 Ariz. 139, 393 P.2d 148 (1964).

The essential facts in the case are that respondent Roberta Howard, the paternal grandmother of the minor children, was given physical custody of the minor children by petitioner in February, 1979. In October, 1979, respondent Howard filed a petition to adopt the minor children of petitioner. The respondent judge signed an order on November 5, 1979, granting custody of the minor children to respondent Howard pending the final adoption.

After service of the petition to adopt was served on petitioner, she filed a motion to set aside the order of November 5, 1979, which awarded custody of the minor children to respondent Howard. A hearing was held on the motion on December 6, 1979. After hearing testimony and legal arguments the respondent judge took the matter under advisement. On December 10, 1978, the respondent judge, by minute entry, made findings of facts and entered her order vacating the custody order of November 5, 1979, but further ordered that the subject children be declared dependent children and that their care, custody, and control be awarded to the Arizona State Department of Economic Security, with the physical placement to be with respondent Howard.

On February 22, 1980, the petitioner filed a motion to set aside the adjudication of dependency. On March 6, 1980, the respondent judge denied the motion. The present action was filed in this court on May 29, 1980.

Petitioner contends that the respondent judge has acted without jurisdiction throughout these proceedings. Petitioner argues that the award of custody of the minor children was in excess of the lower court's jurisdiction because the petition to adopt was defective in that there was no allegation of consent to adopt by the petitioner as mother of the children, nor was there any allegation of a reason why consent by petitioner was not necessary. See A.R.S. § 8–109(A) and A.R.S. § 8–106(C). Petitioner also argues that a court may not sue sponte find a child dependent and place the child in the care and control of a state agency.

■ Whatever the merits of petitioner's argument may be on the issue of the respondent judge's jurisdiction under the allegations of the adoption petition, that matter is moot because the respondent judge vacated the custody order of November 5, 1979. The sufficiency of the petition is not before us, and the action once taken under the allegations of the adoption petition has been nullified.

The matter of the declaration of dependency is an active issue.

The record shows that the only petition filed in this matter was that by respondent Howard to adopt the minor children. There was never any petition filed to have the minor children declared dependent.

■ In order for a dependency proceeding to be commenced in juvenile court there must first be a petition filed in accordance with the rules of procedure of the juvenile court. See A.R.S. § 8–221 and Rule 15, Rules of Procedure for the Juvenile Court. 17A A.R.S. Unless a petition is filed which alleges facts which show the dependency of the child, the juvenile court has no jurisdiction to proceed. *Matter of Appeal in Pima County, Juv. Act. No. J–46735*, 25 Ariz.App. 424, 544 P.2d 248 (1976).

■ The respondent judge was without jurisdiction to proceed in a dependency matter because there was no petition filed which alleged facts showing dependency. The adoption petition was not a substitute for a dependency petition and, in any event,

**376**

even the adoption petition did not allege facts showing a dependency.

The respondent judge acted in excess of her jurisdiction in declaring the minor children dependent and awarding their custody to the respondent Department of Economic Security; therefore, the finding of dependency is set aside and the order awarding care, custody, and control of the minor children to the Department of Economic Security is vacated. The petitioner is entitled to have the custody of the minor children returned to her.

STRUCKMEYER, C. J., and HAYS, J., concur.