628 P.2d 60

**In the Matter of the Appeal In JUVE-NILE ACTION NO. 5539–J.**

No. 2 CA–CIV 3970.

Court of Appeals of Arizona, Division 2.

March 27, 1981.

Review Denied April 21, 1981.

Vincent J. Festa, Sierra Vista, for appel-lant Mother.

Ben Cole, Bisbee, for Juveniles.

Beverly H. Jenney, Cochise County Atty. by Dushan S. Vlahovich, Bisbee, for appel-lee DES.

**24**

## OPINION

**PER CURIAM.**

Appellant, who resides in Sierra Vista, is the mother of two teenaged boys adjudicated dependent children. The court ordered that legal custody of the boys be awarded to the Department of Economic Security (DES) with physical custody in their father, the placement to be monitored by DES with reports made at least once monthly concerning the progress and status of the parties as to the father's care of the boys.

Appellant presents two grounds for reversal of the juvenile court order: (1) lack of jurisdiction and (2) insufficient evidence to establish dependency. We agree with appellant as to the latter ground and reverse.

The petition alleged in pertinent part that the boys were dependent children under A.R.S. Sec. 8–201(10)(a), as amended, for the reason that their mother, who had their legal custody, was undergoing psychiatric treatment at the Palo Verde Psychiatric Hospital in Tucson for a period of at least three months. This petition does not comply with the requirement laid down in our case of *Matter of Appeal in Pima County, Juvenile Action No. J–46735*, 25 Ariz. App. 424, 544 P.2d 248 (1976), as to the sufficiency of a juvenile petition to invoke the jurisdiction of the juvenile court, in that the facts alleged only pertain to one parent.

Assuming, arguendo, that the petition invoked jurisdiction, appellant contends that the state failed to meet its burden of proving the boys were dependent children because, at the time of the hearing on the petition, she was no longer at the psychiatric facility and was present in the courtroom. Alternatively, she argues the state failed to prove that either child was dependent within the statutory definition, i. e., "[i]n need of proper and effective parental care and control and has no parent or guardian, or one who has no parent or guardian willing to exercise or capable of exercising such care and control." A.R.S. Sec. 8–201(10)(a).

We agree with appellant that the state failed to satisfy the burden of proof. The evidence focused solely on the ability of the mother, who had legal custody of the boys pursuant to an Alabama divorce decree, to provide effective care and control. At the time of the hearing on the dependency petition, the boys were living with their father in Sierra Vista and had been for almost two months. There was no evidence whatsoever which indicated that the father was unwilling to, or incapable of, exercising proper and effective parental care and control. Under these circumstances, the boys were not "dependent" within the statutory definition and the dependency petition should have been dismissed.

We therefore reverse the order adjudicating the juveniles dependent and remand for entry of an appropriate order of dismissal.