IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

───────────────

GLENN H. and SONIA H., *Petitioners*,

*v.*

THE HONORABLE NICOLAS B. HOSKINS, Commissioner of the
SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County
of MARICOPA; and BANNER CARDON CHILDREN'S MEDICAL
CENTER, *Respondents*,

CODY H., *Real Party in Interest.*

No. 1 CA-SA 17-0303
FILED 4-3-2018

───────────────

Petition for Special Action from the Superior Court in Maricopa County
No. JD34913
The Honorable Nicolas B. Hoskins, Judge *Pro Tempore*

**JURISDICTION ACCEPTED; RELIEF GRANTED**

───────────────

COUNSEL

Janelle A. McEachern, Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Petitioners*

Coppersmith Brockelman PLC, Phoenix
By Andrew S. Gordon, Karen Carter Owens
*Counsel for Respondent Banner Cardon Children's Medical Center*

Arizona Law Practice, LLC
By Amie S. Clarke
*Guardian Ad Litem for Real Party in Interest*

Anthony R. Montoya, Attorney at Law, Glendale
By Anthony R. Montoya
*Co-Counsel for Amicus Curiae Watchtower Bible and Tract Society of New York, Inc.*

Keturah A. Dunne, Watchtower Bible and Tract Society of New York, Inc., Patterson, New York
By Keturah A. Dunne, *Pro Hac Vice*
*Co-Counsel for Amicus Curiae Watchtower Bible and Tract Society of New York, Inc.*

---

## OPINION

Presiding Judge Kenton D. Jones delivered the Opinion of the Court, in which Judge Jon W. Thompson and Judge Randall M. Howe joined.

---

**J O N E S**, Judge:

¶1       This special action addresses a single issue: whether the superior court had subject matter jurisdiction to grant a hospital's employees' oral requests, made via an emergency telephone line, to authorize medical procedures for a minor patient whose parents did not consent. Because the hospital did not create an action through the filing of a complaint, and the court's conduct was not otherwise statutorily authorized, we hold the court lacked subject matter jurisdiction to consider the requests. Accordingly, we accept jurisdiction and vacate the orders authorizing medical treatment for the non-consenting minor.

### FACTS AND PROCEDURAL HISTORY

¶2       In August 2017, Cody H., the fourteen-year-old son of Petitioners, Glenn and Sonia H., was diagnosed with bone cancer. Thereafter, Cody sought treatment, including chemotherapy, known to suppress the production of red blood cells, and surgery at Banner Cardon Children's Medical Center (the Hospital). Cody and his parents are practicing Jehovah's Witnesses, and objected to the use of blood transfusions upon religious grounds. The sincerity of Cody's and

Petitioners' religious beliefs is undisputed. Cody's medical team developed a treatment plan using alternative therapies designed to avoid the need for blood transfusions.

¶3        On October 12, 13, and 16, and December 4, 2017, one or more Hospital employees called the superior court via an "emergency hotline." The employees sought orders authorizing blood transfusions over Cody's and Petitioners' objections. Although Petitioners were never given formal notice of the proceedings and learned of the employees' first request only when advised it had been denied, and the second by overhearing conversations in the Hospital's corridors, they were present and represented by counsel at all but the first proceeding. At each stage, Petitioners argued first that the court lacked jurisdiction to consider the requests, and second that the Hospital had failed to prove Cody's medical condition constituted an emergency warranting a blood transfusion. Although various medical personnel presented evidence and argument to support the requests, the Hospital itself did not appear through counsel.[1]

¶4        In the course of addressing the Hospital's requests, the court explained the emergency hotline was the "standard practice in the county" for these types of requests, and it did not expect the Hospital would be filing a complaint or dependency petition, "particularly when [Cody] does not meet the definition of a dependent child." As far as the record reveals, this emergency hotline is assigned to Maricopa County Superior Court judges on a rotating basis and available after business hours. The record does not reflect when the court established the emergency hotline, the type of relief generally sought by individuals using the hotline, or how the Hospital employees became aware of the hotline. It is also not clear from the record what the prescribed process is for accepting the calls, whether any restrictions exist on who is authorized to call, or what record is kept of the contents of the calls. Indeed, it is unclear whether the callers here were doctors, administrators, or staff, as the identification and credentials of the caller were apparently not part of the information required to be provided. However, it is undisputed that the Hospital never filed a complaint or petition to initiate the proceedings.

---

[1]        "A corporation cannot appear in superior court except through counsel. Until a corporation appears in court by counsel, its appearance is defective." *State v. Eazy Bail Bonds*, 224 Ariz. 227, 229, ¶ 12 (App. 2010) (citing *Ramada Inns, Inc. v. Lane & Bird Advert., Inc.*, 102 Ariz. 127, 128 (1967), and then *Boydston v. Strole Dev. Co.*, 193 Ariz. 47, 50, ¶ 12 (1998)).

¶5        The superior court ultimately granted three of five requests for authorization to administer blood transfusions. Petitioners filed this special action in November but did not request a stay of the court's orders. Thereafter, the Hospital administered blood transfusions to Cody on December 1 and 5.

¶6        While the petition for special action was pending, the superior court appointed an attorney and a guardian *ad litem* for Cody. At this Court's urging, the Hospital entered an appearance and answered the petition. Additionally, the Watchtower Bible and Tract Society of New York, Inc. was granted leave to file an amicus brief in support of Petitioners. The Arizona Attorney General "decline[d] the invitation" to submit an amicus brief on behalf of the superior court. Shortly thereafter, the Hospital notified Petitioners that they needed to seek alternative care for Cody. As of January 2018, Cody was being treated at a facility in Portland, Oregon.

## DISCUSSION

### I.        Special Action Jurisdiction

¶7        Special action jurisdiction is proper when a party has no "equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a). This Court has discretion to accept special action jurisdiction and appropriately exercises that discretion in cases "involving a matter of first impression, statewide significance, or pure questions of law." *State ex rel. Pennartz v. Olcavage*, 200 Ariz. 582, 585, ¶ 8 (App. 2001) (citations omitted). Special action jurisdiction is also appropriate to prevent the superior court from acting without jurisdiction. *See Caruso v. Superior Court*, 100 Ariz. 167, 170 (1966) (citation omitted).

¶8        The Hospital argues the superior court's orders are moot because they have expired and Cody is no longer a Hospital patient. While the Hospital is correct, we may consider moot issues "if there is either an issue of great public importance or an issue capable of repetition yet evading review." *Bank of N.Y. Mellon v. De Meo*, 227 Ariz. 192, 194, ¶ 8 (App. 2011) (quoting *Phx. Newspapers, Inc. v. Molera*, 200 Ariz. 457, 460, ¶ 12 (App. 2001), and citing *Fraternal Order of Police Lodge 2 v. Phx. Emp. Relations Bd.*, 133 Ariz. 126, 127 (1982)); *see also Coconino Cty. No. MH 1425*, 181 Ariz. 290, 292 (1995) (considering an otherwise moot issue because a decision addressing a common practice would have "a significant impact on the mechanics of involuntary commitment hearings").

¶9        Whether the superior court has jurisdiction to authorize medical treatment via the emergency hotline presents a matter of first

4

impression, of significant statewide importance, and that may be resolved as a pure question of law. Moreover, because of the emergency nature of the hotline, the issue is likely to evade review in future cases. Accordingly, we accept special action jurisdiction.

## II. Subject Matter Jurisdiction

**¶10** "On every writ of error or appeal the first and fundamental question is that of jurisdiction." *Mansfield, C. & L. M. Ry. v. Swan*, 111 U.S. 379, 382 (1884). Here, the superior court identified Arizona Revised Statutes (A.R.S.) § 8-245(A)[2] as the source of its jurisdiction. That section states:

> When a child under the jurisdiction of the juvenile court appears to be in need of medical or surgical care, the juvenile court may order the parent, guardian or custodian to provide treatment for the child in a hospital or otherwise.

This provision does not confer jurisdiction but instead permits the court to order medical treatment only when a child is already under the jurisdiction of the court.[3]

---

[2] Absent material changes from the relevant date, we cite a statute's current version.

[3] Notably, the superior court's orders do not order Petitioners to obtain, nor the Hospital to provide, treatment as contemplated within A.R.S. § 8-245(A). Instead, the orders provide a contingent authorization for the use of blood transfusions. For example, the November 14 order states:

> IT IS ORDERED that if [Cody's surgeon], or [an]other appropriate treating physician at [the Hospital], concludes during the Surgery that there exists a medical emergency necessitating the use of a blood transfusion to avoid serious injury or death, [Cody's surgeon] and the treatment team . . . are authorized to provide such transfusions as appear medically necessary for Cody. This Order is not intended to authorize transfusion treatment solely to alleviate Cody's discomfort over Cody's objection.

**¶11**        Subject matter jurisdiction attaches to the superior court when a complaint or petition is filed. *McCulloch v. W. Land & Cattle Co.*, 27 Ariz. 154, 156 (1924); *see also Bryant v. Bloch Cos.*, 166 Ariz. 46, 48 (App. 1990); Ariz. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Moreover, complaints or petitions that fail to comply with rules of civil procedure or other statutory requirements do not confer jurisdiction on the court. *See Pima Cty. Juv. Action Nos. B-8272 and J-65774*, 126 Ariz. 374, 375 (1980) (citing *Pima Cty. Juv. Action No. J-46735*, 25 Ariz. App. 424, 426 (1976)). No complaint or petition was filed in this case.

**¶12**        We are aware of only two exceptions to this general rule, whereby the legislature has authorized oral, *ex parte* requests for relief: telephonic search warrants and emergency orders of protection. *See* A.R.S. §§ 13-3914(C), -3915(A) (authorizing a court to issue a search warrant after an officer makes a recorded, sworn statement via telephone); 13-3624(A) (authorizing judges to issue emergency orders of protection by telephone). Both telephonic search warrants and emergency orders of protection, however, are regulated by statutes and rules of procedure that protect the due process rights of opposing parties and ensure the orderly administration of justice. *See generally* A.R.S. § 13-3911 to -3925 (regulating the procurement, execution, and return of search warrants); Ariz. R. Protective Order P. 24 (regulating the issuance, scope, and service of emergency protective orders). Our review of Arizona statutes and rules of procedure reveals no provision either authorizing the superior court to maintain an emergency hotline for the purpose of ordering medical

Similar language providing a contingent authorization appears in the October 13 and December 4 orders. Moreover, the efficacy of these orders is unclear given that A.R.S. § 36-2271 already permits a healthcare provider "to save the life of the [minor] patient," notwithstanding the parent's consent, when a physician determines that "an emergency exists and that it is necessary to perform such surgical procedures."

treatment for a non-consenting minor,[4] or guaranteeing the participation or protection of the persons likely to be affected by such an order.[5]

¶13            However well-intended the emergency hotline may be, the superior court lacks subject matter jurisdiction to entertain *ex parte* oral requests in the absence of specific statutory authorization. *See Redewill v. Superior Court*, 43 Ariz. 68, 81 (1934) ("A court cannot do something not authorized by law, because it may think it is 'just as good,' or even better than the thing which the law does sanction."); *see also San Joaquin Cty. Human Servs. Agency v. Marcus W.*, 110 Cal. Rptr. 3d 232, 240 (Ct. App. 2010) (reversing a court order compelling a minor to undergo periodic blood transfusions obtained through an analogous process, finding that "although well intended, the 'system' created in San Joaquin County does not comply with the statutory scheme and results in a juvenile court acting without subject matter jurisdiction").    Therefore, the court's orders authorizing treatment are void.

---

[4]      Although not raised by Petitioners, we note that the *ex parte* nature of the emergency hotline may run afoul of the Arizona Code of Judicial Conduct, which prohibits judges from permitting or considering an *ex parte* communication unless, among other narrow exceptions, "expressly authorized by law to do so." *See* Ariz. R. Sup. Ct. 81, Canon 2.9(A).

[5]      Petitioners also argue the procedures associated with the emergency hotline violate their due process rights.  Although the trajectory of this case raises substantial concerns, we need not address the due process arguments given the absence of subject matter jurisdiction. *See infra* ¶ 13.

## CONCLUSION

¶14     The superior court lacked jurisdiction to grant *ex parte* oral requests, made via the emergency hotline, for authorization to perform medical procedures without the consent of a minor patient or his parents. No written complaint or petition supports the requests, and the procedure, while entertained by the court, is not specifically authorized by statute or rule. Accordingly, the court's orders are void.



AMY M. WOOD • Clerk of the Court
FILED:   AA